# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

MELISSA DAVIS                                                                                    PLAINTIFF

VS.                                             3:21-CV-00096-BRW

UNITED STATES of AMERICA                                                              DEFENDANT

## ORDER

Pending are Defendant's Motion to Dismiss (Doc. No. 9), Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Doc. No. 17) and Plaintiff's Motion for Leave to File a Reply (Doc. No. 22). The parties have responded and Defendant has replied.[1] The motion to dismiss is DENIED without prejudice. The motion for limited jurisdictional discovery is GRANTED. The motion for leave to file a reply is DENIED as MOOT.

**I.    BACKGROUND**

This case involves a motor vehicle accident that occurred in Ash Flat, Arkansas on March 17, 2018.[2] Plaintiff contends that Judith Alexander negligently operated her vehicle and caused the accident.[3]

On March 5, 2021, Plaintiff filed her Complaint in the Circuit Court of Sharp County, Arkansas.[4] On May 14, 2021, Ms. Alexander filed a notice of removal of the Complaint from Sharp County Circuit Court because the Acting U.S. Attorney certified that she was acting within her scope of employment as a rural carrier with the United States Postal Service

---

[1] Doc. Nos. 15, 20, 21.

[2] Doc. No. 2, p. 1

[3] *Id.*

[4] Doc. No. 2.

("USPS") at the time of the accident.[5] On May 17, 2021, Ms. Alexander filed a motion for substitution of parties to substitute the United States for her as Defendant in this case, which I granted.[6]

On May 18, 2021, Defendant filed its motion to dismiss.[7] Defendant contends that because Ms. Alexander was acting within her scope of employment, the Federal Tort Claims Act ("FTCA")[8] applies to Plaintiff's claim. Since Plaintiff failed to submit a timely administrative claim with the USPS, Defendant argues her claim should be dismissed under Rule 12(b)(2) for lack of subject matter jurisdiction.

In response, Plaintiff contests the Acting U.S. Attorney's scope of employment certification and contends that limited jurisdictional discovery is warranted.[9] I agree.

## II. APPLICABLE LAW

Under 28 U.S.C. § 2679 (the Westfall Act), when a federal employee is sued in a state court, the Attorney General reviews the case to determine if the employee was acting within the scope of her employment when the alleged tortious conduct occurred.[10] The Attorney General has delegated this responsibility and authority to the United States Attorney for the district where the state complaint was filed.[11]

---

[5] Doc. No. 1.

[6] Doc. Nos. 7, 8.

[7] Doc. No. 9.

[8] 28 U.S.C. §§ 2671-80.

[9] Doc. Nos. 15, 16.

[10] 28 U.S.C. § 2679(d)(2).

[11] 28 U.S.C. § 510; 28 C.F.R. § 15.3.

2

If the U.S. Attorney, acting on behalf of the Attorney General, concludes the sued employee was acting within the scope of her federal employment during the incidents alleged in Plaintiff's complaint, the government (1) removes the case to federal court and then (2) files a certification (often called a Westfall certification) and notifies the district court that the United States should be substituted as party defendant for the federal employee.[12]

28 U.S.C.A. § 2679(d)(2) provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending . . . . This certification of the Attorney General shall conclusively establish scope of office or employment *for purposes of removal*.[13]

Here, the Acting U.S. Attorney for the Eastern District of Arkansas has filed a certification stating that at the time of the accident, Ms. Alexander was acting within the scope of her federal employment. For the purposes of removal only, this certification conclusively vests this court with subject matter jurisdiction over Plaintiff's claim.[14]

The certification also serves as prima facie evidence that the Ms. Alexander was acting within the scope of her employment during the acts alleged in Plaintiff's Complaint.[15] However,

---

[12]*Heuton v. Anderson*, 75 F.3d 357, 359–60 (8th Cir. 1996) (interpreting 28 U.S.C. § 2679(d)(1-2).

[13]28 U.S.C. § 2679(d)(2) (emphasis added).

[14]*See Osborn v. Haley*, 549 U.S. 225, 242 (2007); *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995) (interpreting 28 U.S.C. § 2679(d)(2).

[15]*Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996).

it does not conclusively establish that the United States should be substituted as party defendant.[16]

Since Plaintiff challenges the certification, I must independently review the case and determine whether the defendant was acting within the scope of her employment at the time of the accident.[17] "If [I] find that the employee was acting outside of the scope of [her] employment,[I] must refuse to substitute the United States. If [I] agree with the certification, then the case proceeds against the United States under the FTCA."[18] Here, the certification issue is crucial at this stage because the FTCA requires Plaintiff to bring an administrative claim before pursuing a lawsuit[19] and the two-year time limit for her to file an administrative claim has expired unless equitable tolling applies.[20]

When challenging the Attorney General's scope of employment certification, Plaintiff bears the burden of proof.[21] In meeting this burden, she cannot rely solely on the allegations in the Complaint. She must offer evidence of specific facts rebutting the Defendant's claim that the sued federal employee was acting within the scope of her employment. The scope of employment issue is determined by applying the state law of the forum state.[22]

---

[16]*Heuton*, 75 F.3d at 360 (citing *Martinez v. Lamagno*, 515 U.S. 417 (1995)).

[17]*Id.*

[18]28 U.S.C. § 2679(d)(4); *Heuton*, 75 F.3d at 359; *Anthony*, 76 F.3d at 213; *Brown v. Armstrong*, 949 F.2d 1007 (1991).

[19]See *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011).

[20]See *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015).

[21]*Heuton*, 75 F.3d at 359.

[22]*Larsen v. Frederiksen*, 277 F.3d 1040, 1041 (8th Cir. 2002) (citing *Lawson v. United States*, 103 F.3d 59, 60 (8th Cir. 1996)); *Brown*, 949 F.2d at 1012.

Under Arkansas law, the conduct of an employee is within the scope of employment if (1) the employees is engaged in the employer's services, (2) the act pertains to the particular duties of that employment, and (3) it is for the benefit of the employer.[23] However, if the employee completely abandons the employer's business and pursues her own personal benefit, the employer is not responsible.[24]

### III. DISCUSSION

Plaintiff requests leave to conduct limited jurisdictional discovery to determine whether Ms. Alexander was acting within her scope of employment at time of the accident. She proposes using interrogatories, requests for production, and limited depositions. Plaintiff says that the following relevant facts can be determined through this discovery:

> (1) Whether Judith Alexander was acting within the course of her employment with USPS at the time of the accident in question.
>
> (2) Whether the Ash Flat postmaster, or relevant Postal employee/supervisor was aware at the time of the accident, or any time thereafter, that Defendant Judith Alexander intended to claim she was within the course and scope of her employment during the accident in question and related matters.
>
> (3) Discovery form Judith Alexander's liability insurance carrier, Shelter insurance Company, relating to their documented acceptance of liability and suggestion of negotiation with Plaintiff's counsel.
>
> (4) Discovery of any statement made by Judith Alexander to her liability insurance carrier having discussed whether or not she was working within the course and scope of her employment with the Unites States Postal Service at the time of the wreck.
>
> (5) Whether the required United States Postal Service post-accident documentation concerning the accident in question was generated, documented, retained, filed, or otherwise exists, and whether any such documentation is claimed to have been provided to the Plaintiff.

---

[23]*Kidd v. Townsley*, No. 4:12-CV-4105, 2013 WL 4805670, at 4 (W.D. Ark. Sept. 9, 2013) (citing *Davis v. Kukar*, 357 S.W.2d 275, 277 (1962)).

[24]*Id.*

(6) When and how Shelter Mutual Insurance Company became aware that Judith Alexander would claim that she was acting within the course and scope of her employment with the USPS.[25]

As part of its response to Plaintiff's jurisdictional discovery request, Defendant filed affidavits from Ms. Alexander and her USPS supervisor Michael McSpadden to answer some of Plaintiff's questions.[26] Ms. Alexander testified that she "had delivered mail at 15 Martin Circle and proceeded to the intersection with Arnhart Street" immediately before the accident with Plaintiff.[27] Ms. Alexander asserts that her vehicle had several U.S. Mail signs on it and supplied a picture showing these markings.[28] Mr. McSpadden testified he was called out to the scene and investigated the accident as her direct supervisor.[29] After his investigation, Mr. McSpadden determined that Ms. Alexander was on her route and delivering mail when the accident occurred.[30] Mr. McSpadden also provided the completed USPS accident forms documenting the incident.[31]

Plaintiff points out that the police incident and case reports did not indicate that Ms. Alexander was delivering mail when the accident occurred.[32] Plaintiff also contends that

---

[25] Doc. No. 17.

[26] Doc. Nos. 20-1, 20-2.

[27] Doc. No. 20-1, p. 1.

[28] *Id.* at 3-4.

[29] Doc. No. 20-2, p. 1.

[30] *Id.* at 1-2.

[31] *Id.* at 3-6.

[32] Doc. Nos 15-3, 15-.4

6

correspondence with Ms. Alexander's insurance carrier failed to indicate that she was working as a postal employee when the accident occurred..[33]

The scope of employment issue is still in dispute. I find the current record is insufficient to determine what Ms. Alexander was doing at the time of the accident. Accordingly, Plaintiff is permitted to conduct limited jurisdictional discovery on this issue.

## CONCLUSION

Based on the above findings of fact and conclusions of law, Defendant's Motion to Dismiss (Doc. No. 9) is DENIED without prejudice. Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Doc. No. 17) is GRANTED. Plaintiff's Motion for Leave to File a Reply (Doc. No. 22) is DENIED as MOOT

IT IS SO ORDERED this 23rd day of June , 2021.

                                                   Billy Roy Wilson_____
                                                  UNITED STATES DISTRICT JUDGE

---

[33]Doc. Nos. 15-1, 15-2.